**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-03150-STV

AMERICA 2030 CAPITAL LIMITED,

    Plaintiff,

v.

JOHN DOE and
AUTOMATTIC INC.,

    Defendants.
_____

**ORDER TO SHOW CAUSE**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court *sua sponte* upon the Court's review of Plaintiff's Complaint for Defamation and Copyright Infringement (the "Complaint").[1] [#1] Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(b) goes on to state that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." A defendant thus may choose to waive an improper venue defense and, indeed, "waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under Fed. R. Civ. P. 12(b)(3)." *Stjernholm*

---

[1] Although titled as a "Complaint for Defamation and Copyright Infringement," the Complaint does not actually assert a claim for copyright infringement. Instead, the Complaint asserts a claim for violation of the Lanham Act and three state law defamation claims. [*See* #1 at 3-9]

*v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996). Even though improper venue may be waived, the Tenth Circuit has held that "at any time *before* the defendants waive the defense of improper venue, a district court may raise on its own motion an issue of defective venue . . . but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."  *Id.* (emphasis in original) (quotation omitted).

> Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Complaint alleges that "[v]enue is proper pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  [#1 at ¶ 2]

The factual allegations in the Complaint, however, are insufficient to support this conclusion. Only one paragraph in the Complaint includes any significant reference to Colorado and that Paragraph (1) is a purported statement of the law without any specific factual allegations about the alleged misconduct in this case; and (2) seemingly inadvertently alternates between referring to Colorado and Florida such that it is unclear

which state Plaintiff intends to invoke.[2]  More specifically, Paragraph 31 of the Complaint states:

> Defamatory material about a Colorado entity placed on the Web and accessible in Florida constitutes an "electronic communication into Colorado" when the material is accessed (or "published") in Colorado.  In the context of the World Wide Web, given its pervasiveness, an alleged tortfeasor who posts allegedly defamatory material on a website has intentionally made the material almost instantly available everywhere the material is accessible.  By posting allegedly defamatory material on the Web about a Colorado entity, the poster has directed the communication about a Florida resident to readers worldwide, including potential readers within Colorado.  When the posting is then accessed by a third party in Colorado, the material has been "published" in Colorado and the poster has communicated the material "into" Colorado, thereby committing the tortious act of defamation within Florida.  This interpretation is consistent with the approach taken regarding other forms of communication.  <u>Internet Sols. Corp. v. Marshall</u>, 39 So.3d 1201, 1214–15 (Fla. 2010).

[#1 at ¶ 31]  Although Paragraph 31 references "[d]efamatory material about a Colorado entity," it subsequently states that "the poster has directed the communication about a Florida resident."[3]   [*Id.* at ¶ 31]  Moreover, although Paragraph 31 alleges that the defamatory material would be "published" in Colorado if accessed by a third party in Colorado, it does not allege that the post at issue in this lawsuit actually was accessed by anyone in Colorado.  [*Id.* at ¶ 31]

---

[2] The Complaint also alleges that "Plaintiff has requested pursuant to Colorado law that these defamatory statements be retracted" [#1 at ¶ 69], but Plaintiff's defamation claims appear to be asserted pursuant to the defamation law of Florida and Louisiana [*see, e.g.*, #1 at ¶¶ 33 (articulating "[t]he five elements of defamation under Louisiana law"), 37 (citing Florida state court decisions to define the elements of a claim for defamation), 46-47 (discussing the legal requirements for a claim of defamation under Louisiana law), 51 (discussing legal requirements for defamation claim under Florida law), 58-62 (same)].
[3] Similarly, Paragraph 5 of the Complaint includes seemingly inconsistent statements about Plaintiff's residence, stating "Plaintiff  AMERICA 2030 is an individual and a citizen and resident of the state of Florida and lives and does substantial business in [the District of Colorado]."  [#1 at ¶ 5]

The Court thus finds Plaintiff's allegations internally inconsistent and patently insufficient to properly allege venue in the District of Colorado. Accordingly, it is **ORDERED** that, on or before **November 22, 2019**, Plaintiff shall either (1) file an Amended Complaint addressing these pleading deficiencies or (2) show cause, if any there be, in writing, why the Court should not "dismiss, or if it be in the interest of justice, transfer [this] case to any district or division in which it could have been brought" pursuant to 28 U.S.C. § 1406(a).

DATED:  November 7, 2019                           BY THE COURT:

                                                   s/Scott T. Varholak
                                                   United States Magistrate Judge